UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY VINCE, Derivatively on Behalf of Nominal Defendant BIOVENTUS INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH M. REALI, MARK L. SINGLETON, GREGORY O. ANGLUM, SUSAN M. STALNECKER, WILLIAM A. HAWKINS III, JOHN A. BARTHOLDSON, PATRICK J. BEYER, PHILLIP G. COWDY, MARY KAY LADONE, MICHELLE MCMURRY-HEATH, GUIDO J. NEELS, GUY P. NOHRA, DAVID J. PARKER, MARTIN P. SUTTER, and STAVROS G. VIZIRGIANAKIS, <br><br> Defendants, <br><br> and <br><br> BIOVENTUS INC., <br><br> Nominal Defendant. | Case No. 1:24-cv-00639-CCE-JEP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
TRANSFER UNDER 28 U.S.C. § 1404(a)**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. QUESTION PRESENTED .................................................................................. 3

III. STATEMENT OF FACTS .................................................................................. 3

    A. Bioventus Goes Public After Developing Market-Leading Therapeutics ............................................................................................... 3

    B. Bioventus Is Sued After Updating Its Rebates Calculations ........................ 4

    C. Several Stockholders File Derivative Suits Following the Securities Class Action ................................................................................................. 5

IV. ARGUMENT ....................................................................................................... 6

V. CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013) ............................................................................................... 7

*Jubilee House Community, Inc. v. Coker Int'l, Inc.*,
   2013 WL 1232900 (M.D.N.C. Mar. 26, 2013) ................................................... 8

*NAACO Indus., Inc. v. Applica Inc.*,
   997 A.2d 1 (Del. Ch. 2009) ................................................................................. 2

*Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*,
   567 F. Supp. 2d 799 (M.D.N.C. 2008) ............................................................... 8

*Vault, LLC v. Dell Inc.*,
   2019 WL 113726 (M.D.N.C. Jan. 4, 2019) .................................................... 6, 7

*Whitaker v. Monroe Staffing Servs., LLC*,
   42 F.4th 200 (4th Cir. 2022) ................................................................................ 6

*World Inspection Network Int'l LLC v. J. Strout Holdings, LLC*,
   2024 WL 3566172 (M.D.N.C. July 29, 2024) .................................................... 7

### STATUTES

28 U.S.C. § 1404(a) ................................................................................... 1, 3, 6, 7

Defendants Kenneth M. Reali, Mark L. Singleton, Gregory O. Anglum, Susan M. Stalnecker, William A. Hawkins III, John A. Bartholdson, Patrick J. Beyer, Phillip G. Cowdy, Mary Kay Ladone, Michelle McMurry-Heath, Guido J. Neels, Guy P. Nohra, David J. Parker, Martin P. Sutter, Stavros G. Vizirgianakis; and Nominal Defendant Bioventus, Inc. ("Bioventus" or the "Company") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Motion to Transfer pursuant to 28 U.S.C. § 1404(a), seeking an order transferring venue of this action (the "Action") to the United States District Court for the District of Delaware.

I.  **INTRODUCTION**

This case is one of three federal derivative actions filed against Bioventus and certain of its directors and officers based on the same alleged facts—all of which relate to claims that Bioventus's directors did not adequately oversee reporting on the Company's revenue and revenue recognition practices and the effectiveness of its internal controls over financial reporting.[1]  Two of these actions, including the first-filed derivative case, *Grogan v. Reali*, Case No. 1:23-cv-01099-RGA ("*Grogan* Action") and the second-filed derivative case, *Sanderson v. Reali*, Case No. 1:24-cv-00180-RGA ("*Sanderson* Action") are pending and have been consolidated in the District of Delaware before Judge Richard G. Andrews under Case No. 1:23-cv-01099-RGA (the "Consolidated Derivative Action").  Those actions were filed in the District of Delaware because Bioventus's certificate of

---

[1] The allegations overlap with the facts alleged in the securities class action, *Ciarciello v. Bioventus, Inc.*, Case No. 1:23-cv-00032-CCE-JEP (M.D.N.C.) (the "SCA"), which is the subject of a proposed class action settlement that is scheduled for a final approval hearing on December 13, 2024 in this Court.

incorporation contains a forum selection provision designating Delaware—where Bioventus is incorporated—as the "sole and exclusive forum" to resolve "any derivative action, suit or proceeding brought on behalf of the Corporation." *See* Declaration of Kristin N. Murphy ("Murphy Decl."), Ex. 1, art. XIII.[2]

At the outset of the Delaware cases, which first began in October 2023, Bioventus opted to enforce this forum selection provision—so these two cases remain in Delaware. The parties to the *Grogan* Action—the earliest filed derivative action—on January 11, 2024, agreed that Defendants would seek to move to transfer any future-filed derivative actions to the District of Delaware so that they could be consolidated with the first-filed suits in that forum. *See* Murphy Decl., Ex. 2. Defendants agreed to this condition to avoid duplicative and inefficient litigation of the same issues in multiple judicial districts.

Shortly after this Action was filed, and in light of the prior agreement reached in the *Grogan* Action, Defendants requested that Plaintiff dismiss and re-file his derivative claims in the District of Delaware, or consent to transfer. Plaintiff declined. On September 25, 2024, Defendants provided Plaintiff notice that they would proceed with the anticipated motion to transfer. The Parties engaged in subsequent discussions in an attempt to avoid

---

[2] Bioventus's forum selection clause designates the "District of Delaware" as the "sole and exclusive forum" "in the event that the Chancery Court does not have jurisdiction" (Murphy Decl., Ex. 1, art. XIII)—which is the case where the action asserts federal law claims. *See NAACO Indus., Inc. v. Applica Inc.*, 997 A.2d 1, 20 (Del. Ch. 2009) ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of [the Exchange Act] . . . and of all suits in equity and actions at law brought to enforce any liability or duty created by" that Act).

motion practice but, on November 4, 2024, Plaintiff confirmed that he would oppose this Motion.

While this Court is well-equipped to hear this case, in light of Bioventus's forum selection clause and the extreme inefficiency of proceeding with multiple overlapping cases in different judicial districts, Defendants respectfully request that the Court transfer the Action to the District of Delaware so that it may be consolidated with the earlier-filed cases pending in that district.

## II.  QUESTION PRESENTED

Whether the Court should exercise its discretion to transfer this Action to the District of Delaware under 28 U.S.C. § 1404(a) pursuant to (1) Bioventus's valid and enforceable forum selection clause, and (2) the practical considerations favoring transfer to the District of Delaware.

## III.  STATEMENT OF FACTS

### A.  Bioventus Goes Public After Developing Market-Leading Therapeutics

Bioventus is a medical device company dedicated to enhancing the body's natural healing process and eliminating pain caused by orthopedic conditions. *See* Compl. (ECF No. 4) ¶¶ 2-3. The majority of its revenue is derived from hyaluronic acid therapies, injections for patients experiencing knee osteoarthritis pain. *Id.* ¶ 2. Bioventus sells these therapies to healthcare providers, who are then paid through reimbursements by the government or private healthcare providers. *Id.* ¶ 5.

In February 2021, Bioventus went public via an initial public offering ("IPO"), and subsequently adopted its Amended and Restated Certificate of Incorporation of Bioventus

Inc. ("Certificate of Incorporation"). *Id.* ¶ 43; *see also* Murphy Decl., Ex. 1. The Certificate of Incorporation provides that:

> [T]he Court of Chancery (the "Chancery Court") of the State of Delaware (or, in the event that the Chancery Court does not have jurisdiction, *the federal district court for the District of Delaware* or other state courts of the State of Delaware) shall, to the fullest extent permitted by law, be the *sole and exclusive forum* for (i) *any derivative action*, suit or proceeding brought on behalf of the Corporation . . . .

Murphy Decl., Ex. 1, art. XIII (emphasis added). That clause remains valid and enforceable.

In connection with its IPO, Bioventus filed a Registration Statement in which it offered a detailed overview of its business, explaining that it records as revenue the amount it receives from sales of its products less "estimates of variable consideration"—or, as relevant here, estimated rebates it will have to pay to insurers each quarter. *See* Compl. ¶ 90. It repeated this information in its subsequent periodic filings with the Securities Exchange Commission ("SEC").

As Bioventus explained, calculating rebates is an inherently subjective and imprecise process—and in November 2021, got it wrong, reporting a correction to its rebates accruals after discovering an error in an invoice submitted by an insurer, which resulted in a $8.4 million decrease in previously reported third quarter of 2022 revenue. *Id.* ¶ 135.

### B.   Bioventus Is Sued After Updating Its Rebates Calculations

Shortly after Bioventus made this correction, a stockholder filed a securities class action complaint against Bioventus and certain officers for alleged violations of Sections 10 and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). After substantial

4

motion practice and targeted class-action discovery, the parties subsequently settled the class action case, which the Court preliminarily approved on August 13, 2024. SCA, ECF No. 150. A final approval hearing is scheduled for December 13, 2024. *Id.*

### C. Several Stockholders File Derivative Suits Following the Securities Class Action

As is common, after the securities class action was filed, several stockholders filed derivative suits alleging breach of fiduciary duty claims premised on the same alleged facts presented in the securities case.

On October 4, 2023, stockholder Mary Grogan, purporting to act on behalf of Nominal Defendant Bioventus, filed a derivative suit against certain of Bioventus's directors and officers for alleged breaches of fiduciary duties and violations of Sections 14(a) and 21D of the Exchange Act, and Section 11(f) of the Securities Act of 1933 ("Securities Act"). *Grogan* Action, ECF No. 1. The plaintiff alleged that the defendants made and/or caused the Company to make a series of materially false and misleading statements about Bioventus's revenue and revenue recognition practices, as well as the effectiveness of its internal controls. *Id.*

The second derivative action, the *Sanderson* Action, was filed in Delaware on February 9, 2024. *Sanderson* Action, ECF No. 1. The allegations in the *Sanderson* Action are substantially similar to those alleged in the *Grogan* Action. On May 2, 2024, these actions were consolidated and stayed pending resolution of the securities class action. Consolidated Derivative Action, ECF No. 13. On October 10, 2024, the plaintiffs were

5

granted leave to amend to file an amended complaint. Consolidated Derivative Action, ECF Nos. 14-15.

On July 31, 2024, more than nine months after the *Grogan* Action was filed and five months after the *Sanderson* Action was filed, Plaintiff filed his Complaint in this case against the same defendants named in the *Sanderson* Action. Plaintiff claims these individuals breached their fiduciary duties and violated sections 14(a) and 21D of the Exchange Act by failing to prevent false and misleading statements. The statements at issue are nearly all the same statements challenged in the previously-filed derivative actions. *See* Compl. ¶¶ 89-127. In light of the earlier-filed derivative matters already pending in the District of Delaware, and consistent with an agreement that pre-dated the filing of this Action (*see* Murphy Decl., Ex. 2), Defendants engaged Plaintiff in discussions to voluntarily move this Action to the District of Delaware. On November 4, 2024, Plaintiff confirmed to Defendants that he would not do so, and would oppose any motion to transfer.

## IV.  ARGUMENT

Under Section 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 210 (4th Cir. 2022) (quoting 28 U.S.C. § 1404(a)). There are two reasons why the Court should affirmatively exercise its discretion in favor of transfer.

*First*, a "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Vault, LLC v. Dell Inc.*,

6

2019 WL 113726, at *3 (M.D.N.C. Jan. 4, 2019) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59-60 (2013)). This case is not the exception. Here, Bioventus's Certificate of Incorporation specifies that the District of Delaware shall be the "sole and exclusive forum" over derivative actions like this one, which assert violations of the federal securities laws (for which the Delaware Chancery Court has no jurisdiction). *See* Murphy Decl., Ex. 1, art. XIII; *see also World Inspection Network Int'l LLC v. J. Strout Holdings, LLC*, 2024 WL 3566172, at *6 (M.D.N.C. July 29, 2024); *Dell*, 2019 WL 113726, at *3 ("If a forum-selection clause is mandatory rather than permissive, courts in the Fourth Circuit enforce the forum-selection clause unless it would be unreasonable to do so."). There is no reason why the Court should not enforce Bioventus's "mandatory" forum selection clause—and Plaintiff certainly presents none in his Complaint. *Dell*, 2019 WL 113726, at *3, *6 (applying Dell's "mandatory" forum-selection clause to transfer to the Western District of Texas).

*Second*, even absent Bioventus's valid and enforceable forum-selection clause, judicial efficiency and practical considerations favor transfer to the District of Delaware where the two earlier-filed derivative actions—the *Grogan* Action and the *Sanderson* Action—have been pending for twelve and eight months, respectively.[3] Those actions assert substantially similar factual and legal issues as this Action, and against the same

---

[3] Where, as here, there is a valid and enforceable forum-selection clause, the Section 1404(a) analysis is "modified," such that (1) Plaintiff's choice of forum "merits no weight"; (2) Plaintiff "bears the burden of establishing that transfer" to the District of Delaware is "unwarranted"; and (3) the Court "should only consider public interests." *Dell*, 2019 WL 113726, at *4 (citing *Atl. Marine*, 571 U.S. at 63-64).

defendants; a transfer would ensure that Bioventus—the entity all plaintiffs purport to represent—and the individual Defendants are not subjected to the additional expense and inconvenience inherent in the adjudication of related actions in different forums. *See, e.g.*, *Jubilee House Community, Inc. v. Coker Int'l, Inc.*, 2013 WL 1232900, at *6-7 (M.D.N.C. Mar. 26, 2013) (transferring venue to "allow all related issues to be resolved consistently in a single forum"). For practical reasons, too, it would eliminate the potential that the same witnesses could be compelled to provide the same testimony on the same issues in separate actions pending in different jurisdictions. *See Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 805 (M.D.N.C. 2008) (limiting the amount of travel-related expenses for the parties and their witnesses weighed in favor of transfer).

## V.   CONCLUSION

Defendants respectfully request that the Court grant this motion and transfer this action to the District of Delaware.

Dated: November 11, 2024

**LATHAM & WATKINS LLP**

*/s/ Kristin N. Murphy*

Kristin N. Murphy*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
kristin.murphy@lw.com

8

        Colleen C. Smith *(Notice of Special Appearance forthcoming)*
        12670 High Bluff Drive
        San Diego, California 92130
        Telephone: (858) 523-5400
        colleen.smith@lw.com

        Jordan Mundell*
        505 Montgomery Street, Suite 2000
        San Francisco, CA 94111
        Telephone: (415) 391-0600
        Jordan.Mundell@lw.com

        Melange Gavin*
        1271 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 906-1200
        melange.gavin@lw.com

        * reflects attorneys appearing pursuant to LR 83.1(d)

        *Attorneys for Defendants*


        */s/ Donald H. Tucker*

        **SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.**

        Donald H. Tucker, Jr. (NCSB#: 12578)
        P.O. Box 2611
        Raleigh, North Carolina 27602-2611
        Telephone: (919) 821-6681
        dtucker@smithlaw.com

        *Local Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LR 7.3(d)(1)

Pursuant to Local Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, counsel for Defendants certify that the foregoing brief, which was prepared using Times New Roman 13-point proportional font, is 2,076 words.

**LATHAM & WATKINS LLP**

*/s/ Kristin N. Murphy*

Kristin N. Murphy*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
kristin.murphy@lw.com

Colleen C. Smith *(Notice of Special Appearance forthcoming)*
12670 High Bluff Drive
San Diego, California 92130
Telephone: (858) 523-5400
colleen.smith@lw.com

Jordan Mundell*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Jordan.Mundell@lw.com

Melange Gavin*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
melange.gavin@lw.com

\* reflects attorneys appearing pursuant to LR 83.1(d)

*Attorneys for Defendants*

/s/ Donald H. Tucker

**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.**

Donald H. Tucker, Jr. (NCSB#: 12578)
P.O. Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6681
dtucker@smithlaw.com

*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 11, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ Kristin N. Murphy
Kristin N. Murphy

11