## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY VINCE, Derivatively on Behalf of Nominal Defendant BIOVENTUS INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH M. REALI, MARK L. SINGLETON, GREGORY O. ANGLUM, SUSAN M. STALNECKER, WILLIAM A. HAWKINS III, JOHN A. BARTHOLDSON, PATRICK J. BEYER, PHILLIP G. COWDY, MARY KAY LADONE, MICHELLE MCMURRY-HEATH, GUIDO J. NEELS, GUY P. NOHRA, DAVID J. PARKER, MARTIN P. SUTTER, and STAVROS G. VIZIRGIANAKIS, <br><br> Defendants, <br><br> and <br><br> BIOVENTUS INC., <br><br> Nominal Defendant. | C.A. No.: 1:25-cv-00060-RGA |

### REQUEST AND [PROPOSED] ORDER FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a) AND 23.1(c)

Plaintiff Jeffrey Vince ("Plaintiff"), by and through his undersigned counsel, respectfully submits this request for voluntary dismissal of the above-captioned shareholder derivative action (the "Action") brought on behalf of Nominal Defendant Bioventus Inc. ("Bioventus" or the "Company") against Defendants Kenneth M. Reali, Mark L. Singleton, Gregory O. Anglum, Susan M. Stalnecker, William A. Hawkins III, John A. Bartholdson, Patrick J. Beyer, Phillip G. Cowdy, Mary Kay Ladone, Michelle McMurry-Heath, Guido J. Neels, Guy P. Nohra, David J. Parker, Martin P. Sutter, and

1

Stavros G. Vizirgianakis (collectively, with Bioventus, "Defendants") pursuant to Rules 41(a) and 23.1(c) of the Federal Rules of Civil Procedure.

On October 17, 2023, Plaintiff sent Bioventus a demand letter pursuant to 8 *Del. C.* §220 requesting to inspect Bioventus' books and records. Thereafter, Plaintiff's counsel and Defendants' counsel negotiated the purpose and scope of Bioventus' production and the terms of a confidentiality agreement governing the use of any produced documents. Following the execution of a confidentiality agreement, Bioventus produced books and records to Plaintiff. Plaintiff's counsel then conducted a review of the produced documents.

On July 31, 2024, Plaintiff filed a Verified Shareholder Derivative Complaint on behalf of Bioventus in the United States District Court for the Middle District of North Carolina.

On November 11, 2024, Defendants filed a Motion to Transfer Under 28 U.S.C. § 1404(a) (the "Motion to Transfer") (D.I. 23) seeking to transfer venue of the Action to this Court.

As stated in the Memorandum of Law in Support of Defendants' Motion to Transfer (D.I. 24), Defendants' motivation in moving to transfer the Action was a private agreement (the "Side Agreement") (D.I. 25-2) between Defendants and Plaintiff's counsel in *Grogan v. Reali*, C.A. 1:23-cv-01099-RGA (the "*Grogan* Action" and now captioned *In re Bioventus Inc. Derivative Litigation*, (the "Consolidated Action")), a related derivative action filed in this Court. The Side Agreement is highly unusual as it required Defendants to, among other things, move to transfer all related derivative actions filed subsequent to the *Grogan* Action to this Court (*Id.* at ¶ 1).

The Side Agreement has had a collusive effect on this litigation. The Side Agreement compelled Defendants to move to transfer cases away from the Middle District of North Carolina, where the related securities class action was being litigated. Additionally, Grogan has benefitted from Plaintiff's efforts to secure books and records from Defendants, as the same documents were produced

to Grogan even though Grogan did not make a books and records demand.

In short, the Side Agreement enabled Grogan to make Defendants enforce the Company's forum selection clause in order to ensure that Grogan's counsel maintain control over any subsequently filed cases.

On January 14, 2025, Judge Catherine C. Eagles of the Middle District of North Carolina ordered that the Action be transferred to this Court.

Given the foregoing events, Plaintiff has determined to voluntarily dismiss the above-captioned action without prejudice in order to pursue his remedies under state law in Delaware Chancery Court.

Plaintiff respectfully submits that voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) is proper because Defendants have served neither an answer nor a motion for summary judgment in the Action, and neither Plaintiff nor his counsel have received or been promised any consideration in exchange for the dismissal.

Plaintiff further submits that notice pursuant to Fed. R. Civ. P. 23.1(c) is not necessary because the rights of the Company and its stockholders will not be adversely affected, nor prejudiced by dismissal of the Action without prejudice because of Plaintiff's determination to pursue remedies under Delaware State law. Additionally, Plaintiff's federal claims are alleged by the other plaintiffs in the Consolidated Action in this Court. Therefore, notice pursuant to Fed. R. Civ. P. 23.1(c) is not necessary.

Accordingly, Plaintiff respectfully requests that: (i) the Action be voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a) and 23.1(c); and (ii) Plaintiff be relieved of the notice requirement under Fed. R. Civ. P. 23.1(c).

Dated: February 13, 2025                 Respectfully submitted,

**Of Counsel:**                          **KAHN SWICK & FOTI, LLC**

**THE ROSEN LAW FIRM**                   _/s/ Christopher P. Quinn_
                                         Christopher P. Quinn (#5823)
Phillip Kim                              112 French Street, Suite 201
Erica L. Stone                           Wilmington, DE 19801
275 Madison Avenue, 40th Floor           (302) 336-7200
New York, NY 10016                       Chris.Quinn@ksfcounsel.com
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com            _Counsel for Plaintiff Jeffrey Vince_
Email: estone@rosenlegal.com

                       *       *       *


SO ORDERED this _____ 14 day of _____ February _____, 2025


                              /s/ Richard G. Andrews
                              _____
                              Honorable Richard G. Andrews
                              United States District Court Judge

4